**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

MARYLAND MINORITY CONTRACTORS
ASSOCIATION, INCORPORATED; RICHARD
J. COLON; PLESS B. JONES, t/a P and J
Contracting Company, Incorporated,
Plaintiffs-Appellants,

v.

No. 98-2655

GENE LYNCH, Officially and
Individually; COLUMBIA CONSTRUCTION
COMPANY, INCORPORATED; WILLIAM
CULLEN, Officially and Individually;
JOHN L. COOK, Officially and
Individually,
Defendants-Appellees.

MARYLAND MINORITY CONTRACTORS
ASSOCIATION, INCORPORATED; RICHARD
J. COLON; PLESS B. JONES, t/a P and J
Contracting Company, Incorporated,
Plaintiffs-Appellees,

v.

COLUMBIA CONSTRUCTION COMPANY,
INCORPORATED,
Defendant-Appellant,

No. 99-1272

and

GENE LYNCH, Officially and
Individually; WILLIAM CULLEN,
Officially and Individually; JOHN L.
COOK, Officially and Individually,
Defendants.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
Marvin J. Garbis, District Judge.
(CA-97-3038-MJG)

Argued: December 1, 1999

Decided: February 7, 2000

Before MOTZ and TRAXLER, Circuit Judges, and
Cynthia Holcomb HALL, Senior Circuit Judge of the
United States Court of Appeals for the Ninth Circuit,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Marcia Avis Stephenson, STEPHENSON & ASSO-
CIATES, Baltimore, Maryland, for Appellants. Steven Marshall Sulli-
van, Assistant Attorney General, Baltimore, Maryland; Matthew A.
Egeli, HARTMAN & EGELI, Annapolis, Maryland, for Appellees.
**ON BRIEF:** Georgia M. H. Goslee, Silver Spring, Maryland, for
Appellants. J. Joseph Curran, Jr., Attorney General of Maryland,
Maureen Mullen Dove, Assistant Attorney General, Baltimore, Mary-
land; C. Edward Hartman, III, HARTMAN & EGELI, Annapolis,
Maryland, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Maryland Minority Contractors Association, Inc. ("MMCA"), Richard J. Colon, and Pless B. Jones appeal the district court's dismissal of their civil rights action against Columbia Construction Company, Inc. ("Columbia") and Gene Lynch, William Cullen and John Cook (collectively "the state defendants"). The appellants also appeal the district court's decision to award attorneys fees to Columbia. Columbia cross-appeals the amount of the award. We affirm the decision of the district court in its entirety.

I.

This appeal arises from an 11.8 million dollar government contract to renovate the Hill Field House on the campus of Morgan State University. In February 1997, the Maryland Department of General Services commenced the bidding process by issuing a request for proposals from interested contractors. Maryland's Minority Business Enterprise statute ("MBE statute") is aimed at ensuring participation by minority-owned businesses in the performance of such government contracts. See Md. Code Ann., State Fin. & Proc. § 14-301 - 309 (1990). Specifically, the statute directs that a unit of state government "shall structure procurement procedures, consistent with the purposes of this subtitle, to try to achieve the result that a minimum of 14% of the unit's total dollar value of procurement contracts is made directly or indirectly from certified minority business enterprises." Md. Code Ann., State Fin. & Proc. § 14-302(a)(1). The statute defines "minority business enterprise" ("MBE") as a commercial business in which an interest of at least 51% is "owned and controlled by 1 or more individuals who are members of a group that is disadvantaged socially or economically, including: 1. African Americans; 2. American Indians; 3. Asians; 4. Hispanics; 5. women; or 6. physically or mentally disabled individuals." Md. Code Ann. State Fin. & Proc. § 14-302(e).

In this case, the Department of General Services' bid solicitation sought a commitment from the prospective general contractors to subcontract at least 20 percent of the value of the contract to MBEs. Four general contractors submitted proposals; Columbia was selected. Prior

3

to approval of Columbia's bid by the Maryland Board of Public Works (Public Works),**1** the Department of General Services determined that Columbia had met the MBE participation goal. Columbia, in putting together its bid, obtained proposals from potential subcontractors, including appellant Colon's business, Mace Electric Company, and appellant Jones's business, P & J Contracting Company, Inc. Mace Electric Company and P & J Contracting Company, Inc. are certified MBEs. See Md. Code Ann. State Fin. & Proc. § 14-302(d). Neither company was awarded the subcontract; however, it is undisputed that neither Colon nor Jones submitted the low bid. In fact, the appellants acknowledge that "Colon's sub-bid's price quote of $1,688,430.00 was $108,430.00 higher than the price quoted by another non-minority subcontractor firm" and that"Jones' subcontract price quote of $216,000.00 was approximately $40,000.00 higher than a price quote submitted by another firm." Brief of Appellants at 6.

Colon, Jones and MMCA, an organization of Hispanic and African-American contractors, then filed this action against Columbia and three state officials employed by the Maryland Department of General Services -- Lynch, Cullen and Cook. The complaint alleged equal protection violations under sections 1981, 1982 and 1983 of Title 42 of the United States Code, as well as the Thirteenth, Fourteenth, and Fifteenth Amendments. To the extent that we can distill the appellants' specific causes of action from the lengthy and unfocused allegations in the complaint, the appellants claim that Maryland's MBE statute amounts to an unconstitutional race-based quota and that the appellees violated their civil rights by enforcing its terms. According to the appellants, who are Hispanic and African-American, there is no compelling state interest that supports the inclusion of women, Asians or minorities other than Hispanics and African-Americans within the protection of the MBE statute because only Hispanic and African-American business owners have been subject to past discrimination in Maryland's construction industry. The appellants also claim that they submitted the most advantageous bid and that they would have been awarded the subcontracts had the MBE criterion not been used. Finally, although the appellants allege that the use of the MBE participation goal was improper, they claim that

_____

**1** Bids for contracts worth more than $100,000 must be approved by the Board of Public Works. See Md. Code Ann. State Fin. & Proc. § 10-204.

4

Columbia acted unlawfully by "restricting the contract work awarded to firms owned by ethnic, gender and racial persons to only 21%," J.A. 27, and "by selecting and subcontracting with firms to meet the contract required goal 20% MBE goal that were not bona fide and legitimate MBE firms," J.A. 27.

Based on these allegations, the appellants sought an order from the district court declaring that the MBE participation goal is unconstitutional and ordering the state defendants to "set-aside a minimum of fifteen percent (15%) of their total yearly construction contracts for award to exclusively businesses owned by Hispanic and African-American persons." J.A. 30. Also, the appellants sought to enjoin the execution and performance of the contract to renovate the Hill Field House.

Columbia moved to dismiss the action on the grounds that it was not a state actor under section 1983 or the Fourteenth Amendment, and because the appellants failed to state a viable claim against it under any theory. The appellants failed to respond to Columbia's motion, and the district court granted the motion in a summary order without a hearing. Columbia subsequently moved for attorneys fees, which the district court awarded based on its conclusion that "[t]he claims presented against Columbia were frivolous, unreasonable, and without foundation." J.A. 235. The state defendants also moved to dismiss the action, contending that the appellants lacked standing. In the alternative, the state defendants sought summary judgment based on qualified immunity. The district court agreed that Jones, Colon and MMCA lacked standing to bring the action and, therefore, granted the state defendants' motion to dismiss and denied their motion for summary judgment as moot.

II.

The appellants contend that the district court committed error when it granted Columbia's unopposed motion to dismiss. We disagree.

First, the appellants failed to allege any facts that would convince us that Columbia, a private company, is a state actor for purposes of section 1983 or the Fourteenth Amendment. In particular, the complaint contains no allegations that suggest Columbia was under exten-

5

sive state regulation or control or that Columbia had a sufficiently symbiotic relationship with Maryland to convert it into a state actor. See Rendell-Baker v. Kohn, 457 U.S. 830, 840-43 (1982). Accordingly, the district court properly dismissed the claims asserted against Columbia under section 1983 and the Fourteenth Amendment.

Likewise, the complaint contains insufficient facts to support a claim of discrimination under section 1981. See Gairola v. Virginia Dep't of Gen. Servs., 753 F.2d 1281, 1285-86 (4th Cir. 1985) (explaining that the elements of a prima facie case are identical for Title VII and section 1981 actions). Most significant is that the complaint fails to allege that Jones and Colon submitted bid proposals that were equivalent to or relatively close to the lowest bid. Indeed, the appellants concede in their brief that "Colon's sub-bid's price quote of $1,688,430.00 was $108,430.00 higher than the price quoted by another non-minority subcontractor firm" and that"Jones' subcontract price quote of $216,000.00 was approximately $40,000.00 higher than a price quote submitted by another firm." Brief of Appellants at 6. Thus, the appellants have admitted race-neutral facts that would explain why Jones and Colon were not awarded subcontracts. The complaint contains nothing to suggest to the contrary, other than conclusory, bald allegations that their bids were nevertheless the most advantageous to Columbia. The complaint is devoid of any other factual allegations that would establish intentional discrimination under section 1981. Accordingly, we conclude that the district court committed no error when it granted Columbia's unopposed motion to dismiss the claims against Columbia under section 1981. The appellants' remaining claims against Columbia under section 1982, and the Thirteenth and Fifteenth Amendments, are patently meritless, and the district court properly dismissed them as well.

III.

The appellants contend that the district court improperly granted the state defendants' motion to dismiss for lack of standing. See Fed. R. Civ. P. 12(b)(1). Again, we disagree.

A. Colon and Jones

There are three requirements for establishing individual standing: (1) there must be an injury-in-fact that is concrete and particularized;

6

(2) there must be a causal relationship between the plaintiff's injury and the defendant's alleged conduct; and (3) there must be a non-speculative likelihood that the injury will be relieved by the remedy requested. See Northeastern Fla. Chapter of Associated Gen. Contractors of America v. City of Jacksonville, 508 U.S. 656, 663-64 (1993). The district court concluded that Colon and Jones failed to allege a concrete and particularized injury which, in turn, left them unable to establish the other two requirements.

Colon and Jones dispute this conclusion as a general matter, but the complaint simply fails to identify any concrete injury that could be redressed by the relief sought in the complaint. First, as they concede, Jones and Colon had no right to be awarded the subcontract; they only had the right to compete on an equal footing with everyone else. And, indeed, they were permitted to submit, and in fact did submit, subcontracting proposals. Unfortunately for Jones and Colon, their competitors underbid them. They also claim to have endured unspecified "stigmatic" and emotional injuries, apparently associated with their failure to win the subcontracts, but the appellants have not attempted to elaborate on these allegations. In our view, these vague allegations are simply insufficient to establish the requisite concrete and particularized injury necessary for standing.

Second, even if the complaint could be construed as alleging an injury in fact, the appellants still have failed to allege facts sufficient to establish causation or the likelihood that their requested relief would redress their injuries. Appellants advance the theory that the MBE participation goal is unconstitutional because it benefits other minorities in addition to Hispanics and African-Americans. Even if this were correct and the statute ceased to be valid, Jones and Colon would be in no different position than they are now since they were not the low bidders. In fact, the MBE goal made it easier, not harder, for Jones and Colon to compete for a subcontract by eliminating an entire class of potential bidders from competition for at least 20 percent of the value of the contract. To suggest that the appellees suffered an injury because the state defendants decided that 20 percent of the contract value should go to MBEs like the very ones operated by Jones and Colon is nonsensical. And, the naked assertion that Colon and Jones would have been awarded subcontracts but for the MBE scheme does not supply the requisite concrete and particular-

7

ized injury, especially when they concede that their bids were not the lowest bids.

Based on the foregoing, we conclude that Jones and Colon do not have standing to pursue these claims. The district court did not err, therefore, in dismissing their claims against the state defendants.

B. MMCA

There are two ways for an organization such as MMCA to establish standing: it can establish associational standing, see Hunt v. Washington State Apple Adver. Comm'n, 432 U.S. 333, 343 (1977), or it can establish standing in its own right, see Warth v. Seldin, 422 U.S. 490, 511 (1975).

First, an association's representative standing is derivative of its members' standing. The Supreme Court has instructed that "an association has standing to bring suit on behalf of its members when: (a) its members would otherwise have standing to sue in their own right; (b) the interests it seeks to protect are germane to the organization's purpose; and (c) neither the claim asserted, nor the relief requested, requires the participation of individual members in the lawsuit." Hunt, 432 U.S. at 343. As we have just observed, however, neither Jones nor Colon have standing to assert their claims because they have not sustained a sufficiently concrete injury. Since MMCA has not identified any other individual members that have sustained an injury in connection with the contract to renovate Hill Field House, it has not established that any of its members have standing to sue in their own right. Thus, MMCA necessarily lacks associational standing.

To establish standing in its own right, MMCA must make the same showing that an individual litigant is required to make. See Havens Realty Corp. v. Coleman, 455 U.S. 363, 378 (1982). MMCA contends that it has sustained sufficiently concrete and demonstrable injuries. The conduct of Columbia and the state defendants, it claims, has "frustrat[ed] its corporate policies [and] practices" and has caused it to "expend[ ] over $7,600.00 of its corporate funds to fight against Defendants' unlawful racially discriminatory contracting policies and practices complained of herein." Brief of Appellants at 27. Such claims, however, fall short of the mark. MMCA cannot satisfy this

8

requirement by simply alleging that the MBE statute or the conduct of the appellees runs counter to its general organizational interests. See Simon v. Eastern Kentucky Welfare Rights Org. , 426 U.S. 26, 40 (1976) ("[A]n organization's abstract concern with a subject that could be affected by an adjudication does not substitute for the concrete injury required by [Article] III."); Maryland Highways Contractors Ass'n, Inc. v. Maryland, 933 F.2d 1246, 1250-51 (4th Cir. 1991) (observing that a "non-economic injury" to an association's "`organizational purpose'" produced by the MBE statute is insufficient to confer Article III standing). Likewise, MMCA's contention that it expended $7,600 to challenge the allegedly "discriminatory policies" does not endow MMCA with standing. MMCA has not told us whether these expenditures consist of attorneys fees and litigation costs or whether they arise from activity not directly related to the lawsuit. Either way, their theory that such expenses establish standing is flawed, since "[a]n organization cannot, of course, manufacture the injury necessary to maintain a suit from its expenditure of resources on that very suit." Spann v. Colonial Village, Inc., 899 F.2d 24, 27 (D.C. Cir. 1990).

We conclude, therefore, that the district court properly granted the state defendants' motion to dismiss for lack of standing.**2**

---

**2** Below, the state defendants sought, in the alternative, summary judgment based on qualified immunity. In light of its determination that the appellants lacked standing, the district court denied the motion as moot. The state defendants press their qualified immunity argument on appeal as well. We agree that even if standing were not an issue, the state defendants would be entitled to qualified immunity because reasonable persons in the state defendants' position would not have known that their actions violated any clearly established constitutional rights enjoyed by MMCA, Jones or Colon. See Rish v. Johnson, 131 F.3d 1092, 1095 (4th Cir. 1997) ("Government officials performing discretionary functions are entitled to qualified immunity from liability for civil damages to the extent that their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." (internal quotation marks omitted)).

9

IV.

MMCA, Jones and Colon appeal the district court's award of attorneys fees to Columbia. See 28 U.S.C.A. § 1988(b) (West Supp. 1998). Columbia, in turn, cross-appeals the amount of the award, contending that the district court erred in reducing the amount of attorneys fees sought by Columbia. We conclude that the district court did not abuse its discretion in awarding attorneys fees to Columbia, nor did it err in reducing the size of the award sought by Columbia.

A.

A prevailing civil rights defendant is entitled to attorneys fees if the district court determines that the plaintiff's action is "'frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" DeBauche v. Trani, 191 F.3d 499, 510 (4th Cir. 1999) (quoting Hughes v. Rowe, 449 U.S. 5, 14 (1980)), petition for cert. filed, 68 U.S.L.W. 3401 (4th Cir. Dec. 13, 1999) (No. 99-1009). MMCA, Jones and Colon contend that the district court erred in its conclusion that their claims were frivolous and thus abused its discretion in awarding attorneys fees, primarily because the court based its decision on a misinterpretation of Maryland Highways Contractors. Although we agree that the district court misread that decision, the district court nevertheless properly exercised its discretion in finding the action to be completely meritless. MMCA, Jones and Colon asserted in the complaint that Columbia, by attempting to comply with the MBE requirements set forth in the state's bid solicitation, violated the Thirteenth Amendment, as well as 42 U.S.C.A. § 1982. Such claims are utterly meritless and indefensible. Moreover, MMCA, Jones and Colon have not even attempted to explain how Columbia, a private entity negotiating at arm's length with the state defendants, could possibly be considered a state actor for purposes of claims under section 1983 or the Fourteenth Amendment. The appellants' response to the state actor question, as far as we can tell, seems to be that because a private entity can qualify as a state actor in certain circumstances, Columbia may possibly be a state actor, and we should send the matter back to district court to see if something develops. This is no response at all, of course. We are satisfied that the district court did not abuse its discretion in deciding to award attorneys fees to Columbia.

10

B.

Finally, Columbia contends that the court abused its discretion by reducing the size of the award sought by Columbia. [3] Having closely reviewed the record and the briefs of the parties with respect to the attorneys fees issue, we are content that the district court committed no reversible error. Thus, we affirm the district court's award of attorneys fees in its entirety.

V.

For the foregoing reasons, the decision of the district court is affirmed.

<u>AFFIRMED</u>

_____

[3] At oral argument, Columbia conceded that the district court had the power to reduce the requested fees.